IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No 20-cr-00271-DDD

UNITED STATES OF AMERICA,

Plaintiff

V

1. **FELIX MISSAEL ALVA**

Defendant.

---

**UNOPPOSED MOTION FOR AN ENDS OF JUSTICE EXCLUSION OF 90 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) and (B)(i) and (iv)**

---

The Defendant FELIX MISSAEL ALVA, by and through Counsel, CASEY A. KRIZMAN does hereby file a Motion requesting an Order of this Court to do the following: (1 making an ends of justice finding pursuant to Title 18 United States Code, Section 3161(h)(7)(A); and (2) excluding 90 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(A). As grounds for this Motion states the following:

1. Defendant Alva has been charged in the Indictment with the following offenses: Count 1 – knowing he was an alien illegally or unlawfully in the United States, knowingly possessed a firearm and ammunition in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(5); Count 2 – being found in the United States after having been denied admission, excluded, deported, and removed from the United States on or about February 5, 2010 and without express consent of the proper legal authority to reapply for admission to the United States in violation of Title 8, United States Code, Section 1326(a).

2. Counsel entered his appearance on August 26 2020.

3. On September 4, 2020 this Court entered an Order Setting Trial Dates and Deadlines. (Doc. No. 17). Pursuant to this order, Pretrial Motions shall be filed by September 25, 2020 and Responses by October 2, 2020. A 5-day Jury Trial is scheduled to commence November 2, 2020 @ 8:30AM and a Final Trial Preparation Conference is set for October 29, 2020 @ 2:30PM.

4. Title 18 U.S.C. § 3 161(11), provides in relevant part:

    a. "The following periods of delay shall be excluded... in computing the time within which the trial of any such offense must commence:"

    b. (7)(A) Any period of delay resulting from a continuance granted by any judge... at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance of the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 316l(h)(7)(A).

5. The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044,1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after her indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 316l(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge... on the basis of its findings that the end of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

6. In order for a continuance to qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. First, the Court must consider the following factors listed in § 3161 (h)(7)(B)(i)-(iv):

    i. Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.

    ii. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];…

    iii. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

7. The Court must then set forth, in the record, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

8. Accordingly, the defense requests the Court to make an ends of justice finding contemplated by Section 3161(h)(7)(A), and exclude 90 days from the speedy trial

3

calculation, and set the case for a status conference and further proceedings toward the end of the period of excludable time. In support of this motion, the defense states the following:

    a. Since undersigned counsel's entry on August 26, 2020, he has received initial discovery consisting of approximately 394 pages of detailed material provided on or about September 14, 2020. This initial discovery also included an Apple Phone Extraction consisting of approximately 27,000 pages. In addition, on September 21, 2020, undersigned counsel received an Apple Phone Extraction consisting of approximately 31,000 pages. In addition, Special Assistant United States Attorney assigned to this case, Dorothy DiPascali has indicated that additional extensive report should be forthcoming later this week.

    b. Based on conversations between undersigned counsel and Ms. DiPascali, additional time will be needed to engage in plea negotiations to explore a resolution to this case short of trial. This includes investigation and mitigation by the defense, a large portion of which will require meetings with Mr. Alva in the Douglas County Jail and some of which will require clearance of non-attorney personnel to obtain access to Mr. Alva. All of these events described above, and no doubt others which will come to light once the discovery is fully received and reviewed, will take considerable time to complete.

9. In further support of this motion, the defense addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1449-70 (10th Cir. 1987). First, if this motion is granted, it is likely that the continuance will accomplish the purposes underlying the need for the continuance. Namely, undersigned counsel will have an opportunity to meet with his client, determine what, if any, defenses their clients may have, conduct any necessary

4

investigation, and file any necessary discovery and/or suppression motions once they have reviewed the discovery. Second, neither the defense nor United States believe that such a continuance will inconvenience the parties or witnesses and allowing the defense sufficient time to confer with his client and to review and digest the evidence would save judicial resources by allowing the parties the time necessary to potentially resolve their respective cases without further litigation. Third, without the requested continuance, the defense believes that the defendant would be prejudiced because proceeding under the normal time limits would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Undersigned counsel has conferred with Special Assistant United States Attorney Dorothy DiPascali, who agrees with this motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2020, a copy of the foregoing **UNOPPOSED MOTION FOR AN ENDS OF JUSTICE EXCLUSION** was served via CM/ECF upon the following:

Special Assistant U.S. Attorney Dorothy DiPascali
dorothy.dipascali@usdoj.gov

and I hereby certify that I have e-mailed the document to the following non CM/ECF participant:

Felix Alva		(via e-mail)

/S/ Casey A. Krizman
Casey A. Krizman
Attorney for Defendant
1733 High St.
Denver, CO  80218
720.819.7317